No. ——

First Circuit

---

## LOUISIANA STATE RICE MILLING CO., INC. v. GAGE

---

(June 7, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Obligations—Par. 164, 165.**

In view of Articles 2108 and 2109 of the Civil Code, a contract to furnish water to raise a rice crop on one hundred and thirty acres is indivisible, and therefore, where water supplied is insufficient to cultivate all of the acreage, there can be no recovery for part of the contract price for the water to be furnished.

2. **Louisiana Digest—Obligations—Par. 147.**

One who is under contract to furnish water from a bayou which becomes salty due to dry weather, is not liable for damages to the contractee, because the condition is a fortuitous event contemplated by Par. 4 of Article 1993 of the Civil Code.

Appeal from the Parish of Jefferson Davis. Hon. Jerry Cline, Judge.

Action by Louisiana State Rice Milling Company, Inc., against Bert Gage.

There was judgment for defendant and dismissing defendant's reconventional demand. Plaintiff appealed.

Judgment affirmed.

Modisette & Adams, of Jennings, attorneys for plaintiff, appellant.

John B. Fournet, of Jennings, attorney for defendant, appellee.

LECHE, J. Plaintiff sues as the real obligor, under a written contract made by it under the name of the Industrial Development Co., to furnish water to defendant, for the irrigation of a crop of rice. Under the terms of the contract it obligated itself to furnish defendant water from its canal or pumping plant for the irrigation of about 130 acres of rice on the Richart farm in the parish of Jefferson Davis, and in consideration thereof, defendant promised to pay to plaintiff one-fifth (1/5) of the total number of sacks of rice thus to be grown by him, cultivated and harvested from said crop.

Alleging that it performed its part of the contract, that defendant had harvested from said crop one thousand and forty-five (1045) bags of rice of which it was entitled to 209 bags, being one-fifth of the crop, and that defendant had refused to turn the same over in accordance with his agreement, it obtained a writ of sequestration, under which the 209 bags of rice were sequestered and seized. Plaintiff then prayed accordingly for judgment.

The defense is in substance that plaintiff failed to perform its obligation under the contract, and defendant alleging that he owed nothing to plaintiff, reconvened and prayed for damages against plaintiff, resulting from its non-performance of the

contract, in the sum of six thousand nine hundred and thirty-two ($6932.00) dollars.

The rice sequestered by plaintiff was, by agreement of the parties, sold and the proceeds deposited in bank, to be disposed of in accordance with whatever judgment might be rendered in the case.

Our learned brother of the District Court, after due trial, entered up a well reasoned judgment in which he rejected the demand of plaintiff and also the reconventional demand of the defendant. Plaintiff has appealed and defendant has answered the appeal, and renews his demand for damages, which demand he has increased by an additional sum of Two hundred and fifty ($250.00) dollars.

This case is almost similar to that of the same plaintiff against Albert Baker, 5 La. App. 751, lately decided by this court, the contract in the present case, however, being written, while that in the Baker case was by parol agreement. The evidence in substance shows that plaintiff furnished pure water to defendant sufficient to wet the crop, but thereafter its water supply, which came from Bayou Nez Pique, became so salty, it could not be used without killing or destroying the rice. Employees of plaintiff then attempted to furnish water to defendant by operating a private well, but plaintiff's manager issued instructions to these employees that it could not continue that kind of service under the rental stipulated in the contract. These facts are admitted by plaintiff's witnesses. The evidence further shows that defendant made numerous demands upon plaintiff for pure water to irrigate his rice crop and that plaintiff's agents and employees admitted their inability to comply with the obligations assumed by plaintiff in the contract. Defendant then as a last resort made arrangements elsewhere and was able to get enough pure water from other sources to irrigate and grow a fair crop of rice, the one-fifth part of which was sequestered by plaintiff in this proceeding.

Confronted with this undeniable condition of facts, plaintiff now asks as a matter of equity that defendant be condemned to pay it such proportion of the rental stipulated in the contract, as the water which it furnished for the wetting bears to the water which defendant subsequently obtained from other sources to complete the irrigation of the crop. It also asks in the alternative, that it should otherwise be recognized as entitled to recover the whole rental, as stipulated in the contract, less the expense to which defendant was put in securing the water which he obtained from other sources.

Even if this were feasible, the insurmountable obstacle in plaintiff's way, is that the contract is indivisible. A mere reading of the agreement shows that the contract was for one whole and entire purpose, that it never was contemplated by the parties that water was to be paid for in proportion to the quantity supplied, and it is clear, that plaintiff was to furnish water to irrigate the whole crop of one hundred and thirty acres regardless of the amount necessary for that purpose. C. C. 2108-2109. Barrow & LeBlanc vs. Penick & Ford, 110 La. 572, 34 South. 691.

For these reasons, we are of the opinion that plaintiff is not entitled to recover and that its demand should be rejected and the writ of sequestration should be dissolved and set aside.

Defendant on his part prays for damages in reconvention on account of plaintiff's failure to comply with its contract, and he bases his claim on bad faith on the part of plaintiff. It must be observed that in stipulation No. 1 of the written contract,

it is agreed that defendant shall not hold plaintiff liable for any damages by failure to get a sufficient supply of water from Bayou Nez Pique or accident to canal line or pumping plant or from any cause whatever over which it has no control. To our minds, it is obvious that the entire and sole cause why plaintiff failed to carry out its contract into complete execution, was one over which it had no control. There is nothing to indicate any bad faith on the part of plaintiff. The water in Bayou Nez Pique became so briny through the elemental forces of nature, that it was unfit to serve the purposes for which it was intended to be used. The cause of plaintiff's inability to perform was such a fortuitous event or irresistible force as is contemplated by paragraph 4 of Article 1993 of the Civil Code. We are therefore of the opinion, that both under the cited stipulation of the contract and the cited provision of the Code, plaintiff is not liable for the damages claimed by defendant in reconvention.

For these reasons the judgment appealed from is affirmed.